UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD G. OLLIVER, | No.  2:25-cv-03046 SCR P |
| Plaintiff, | |
| v. | ORDER AND |
| DOUGLAS PROUDY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

By order filed November 12, 2025, the undersigned directed plaintiff to notify the Court within 30 days whether he intended the complaint in this action to be filed as a separate case or as an amendment to his other case pending in this judicial district, Ollivier v. Proudy, et al., 2:25-cv-02028 DC SCR P (E.D. Cal.).[1]  ECF No. 4.  The order also granted plaintiff 30 days to seek leave to proceed in forma pauperis or pay the required filing fee and warned plaintiff that his failure to do so would result in a recommendation that the action be dismissed.  Id. at 2.

More than thirty days have passed, and plaintiff has not responded to the order. Accordingly, the undersigned recommends that the action be dismissed for failure to comply with a court order, Local Rule 110, and failure to pay the required filing fee, see Olivares v. Marshall,

---

[1]  On December 17, 2025, District Judge Coggins dismissed this action for failure to pay the filing fee and failure to comply with a court order.  See Ollivier v. Proudy, et al., 2:25-cv-02028 DC SCR P (E.D. Cal.), ECF No. 17.

1

59 F.3d 109, 112 (9th Cir. 1995) (affirming dismissal for failure to pay partial filing fee under IFP statute).

When deciding whether to recommend dismissal for failure to comply with a court order, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that plaintiff's complaint has yet to be screened and defendants were not served, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this matter. The court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////

////

////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE